IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. H-00-286-02 |
| | § | |
| WORRELL INGRAM, | § | (Civil Action No. H-04-4342) |
| | § | |

**MEMORANDUM AND ORDER**

The defendant, Worrell Ingram, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Criminal Docket No. 261). The government has filed a motion for summary judgment in response, arguing that Ingram is not entitled to relief under § 2255. (Criminal Docket No. 265). Ingram has filed a reply. (Criminal Docket No. 267). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court concludes that Ingram is not entitled to relief for reasons set forth below.

**I.   BACKGROUND**

On September 27, 2000, a federal grand jury in this district returned a multi-count superseding indictment against Ingram, along with co-defendants Anthony Robinson and Delroy Anthony Golding, charging a conspiracy to possess with intent to distribute various quantities of marijuana and to launder the proceeds of its sale. On December 20, 2000, a jury found Ingram guilty of conspiracy to possess with intent to distribute 1,000 kilograms

or more of marijuana (count one), of aiding and abetting the possession with intent to distribute 100 kilograms of marijuana (count three), and money laundering (count six).

The Court requested a presentence report (the "PSR") from the Probation Office for purposes of determining punishment. Although the PSR proposed that Ingram was responsible for at least 1,814.4 kilograms of marijuana, the Court determined that only 680 kilograms were attributable to Ingram. Making no other adjustments, the Court assigned Ingram a total offense level score of 28 under the relevant Sentencing Guideline scheme. Because Ingram had no criminal history, he faced a possible range of imprisonment of between 78 and 97 months. The Court ultimately sentenced Ingram to serve 85 months of imprisonment, followed by a 3-year term of supervised release.

On direct appeal, Ingram complained that the evidence was insufficient to support his conviction on count one, that the Court erred by refusing to reduce his sentence by awarding a mitigating role adjustment, that the drug quantity attributed to him at sentencing was clearly erroneous, and that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because he was held accountable for a drug quantity that exceeded the amount proved to the jury beyond a reasonable doubt. The United States Court of Appeals for the Fifth Circuit rejected all of Ingram's claims and affirmed the conviction in an unpublished opinion on April 21, 2004. *See United States v. Ingram*, No. 01-21041 (5th Cir.). Ingram did not appeal further by filing a petition for a writ of certiorari with the Supreme Court.

Ingram filed the pending motion for relief under 28 U.S.C. § 2255 on November 12, 2004. Because the defendant is *pro se*, the Court has reviewed the pleadings under the

liberal standard accorded under *Haines v. Kerner*, 404 U.S. 519 (1972). Ingram's sole claim is that he is entitled to relief under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), because his sentence was enhanced by a drug quantity determined by a judge and not by the jury. In response to this motion the government argues that the relief sought by Ingram is not available retroactively to defendants on collateral review. The government argues in the alternative that Ingram is not entitled to relief because the evidence adduced at trial amply supports the sentence imposed. The parties' contentions are addressed below.

## II.    LEGAL STANDARD FOR SECTION 2255 MOTIONS

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-31 (5th Cir. 1991)). Accordingly, review of convictions under 28 U.S.C. § 2255 ordinarily is limited to "questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *see also United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). A criminal defendant seeking relief from his conviction or sentence in a motion pursuant to 28 U.S.C. § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject

to collateral attack. *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

### III.   DISCUSSION

####   A.   Retroactivity

Ingram argues that he is entitled to relief under 28 U.S.C. § 2255 because the Sentencing Guidelines used to determine his punishment are unconstitutional according to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). The government argues that Ingram's claim actually depends on the recent decision in *Booker v. United States*, — U.S. —, 125 S. Ct. 738 (2005), which extends the ruling in *Blakely* to the Sentencing Guidelines in the manner proposed by Ingram. The government contends that *Booker* is not retroactive to cases on collateral review, and that Ingram is not entitled to relief for that reason.

In *Blakely*, the Supreme Court invalidated an exceptional sentence imposed by a trial court in the State of Washington after finding that the punishment exceeded the statutory maximum applicable to the facts admitted by the defendant. *See Blakely*, 124 S. Ct. at 2537-38. In doing so, the *Blakely* Court applied the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Questions arose immediately about the continued viability of the mandatory United States Sentencing Guideline scheme, which depended on judicial fact findings. *See Blakely*, 124 S. Ct. at 2546 (O'Connor, J., dissenting).

Before *Blakely*, every federal circuit court of appeals had held that *Apprendi* did not apply to Sentencing Guideline calculations based on judicial fact findings, so long as the sentence was imposed within the statutory maximum as determined by the United States Code.[1] After *Blakely* was decided, courts were divided about whether its holding applied to the Sentencing Guidelines.[2] That question was resolved on January 12, 2005, when the Supreme Court found "no distinction of constitutional significance between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in *Blakely*. *Booker*, 125 S. Ct. at 749. In particular, the Supreme Court in *Booker* held that the mandatory character of the Sentencing Guidelines was incompatible with the Sixth Amendment right to a jury trial. *Id.*, 125 S. Ct. at 749-50. Thus, as it did in *Blakely*, the Supreme Court in *Booker* extended the holding in *Apprendi* with the following modification: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by

---

[1] *See, e.g., United States v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine*, 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez*, 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3rd Cir. 2003): *United States v. Patterson*, 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb*, 255 F.3d 890, 898 (D.C. Cir. 2001); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba*, 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia*, 240 F.3d 180, 183-84 (2d Cir. 2001).

[2] The Fifth Circuit initially held that *Blakely* did not affect the Sentencing Guidelines at all. *United States v. Pineiro*, 377 F.3d 464, 465-73 (5th Cir. 2004). The Second, Fourth, Sixth, and Eleventh Circuits also reached that conclusion. *See United States v. Mincey*, 380 F.3d 102 (2d Cir. 2004); *United States v. Hammoud*, 378 F.3d 436 (4th Cir. 2004) (en banc); *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (en banc); and *United States v. Reese*, 382 F.3d 1308, 1310 (11th Cir. 2004).

the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 125 S. Ct. at 756.

Because Ingram argues that the Sentencing Guidelines are invalid, his claim for relief depends on *Booker*. To the extent that the holding in *Booker* represents a new rule, the doctrine announced in *Teague v. Lane*, 489 U.S. 288 (1989), bars relief on collateral review to cases that have become final before the new rule is announced. As noted above, the Fifth Circuit affirmed Ingram's conviction on April 21, 2004. Although Ingram did not file a petition for certiorari review, his time to do so expired ninety days later on or about July 21, 2004, meaning that his conviction was final before the Supreme Court decided *Booker* on January 12, 2005.

Every circuit court of appeals to address the issue of retroactivity has agreed that *Booker* is not applicable on collateral review under 28 U.S.C. § 2255 to convictions that were final before that date. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude . . . that *Booker* does not apply retroactively to criminal cases that became final before its release on Jan. 12, 2005."), *cert. denied*, — U.S. —, 125 S. Ct. 2559 (June 6, 2005); *Humphress v. United States*, 398 F.3d 855, 856 (6th Cir. 2005) (rejecting an initial § 2255 motion and holding that *Booker* does not apply retroactively to cases already final on direct review); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005) ("*Booker* is not retroactive, *i.e.*, it does

not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005"); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005) ("Because *Booker* announced a rule that is "new" and "procedural," but not "watershed," *Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005[.]"); *United States v. Bellamy*, 411 F.3d 1182, 2005 WL 1406176 (10th Cir. 2005) ("[L]ike *Blakely*, *Booker* does not apply retroactively on collateral review[.]"); *Never Misses a Shot v. United States*, — F.3d —, 2005 WL 1569403, *2 (8th Cir. 2005) ("[W]e conclude the "new rule" announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."); *see also In re Elwood*, 408 F.3d 211 (5th Cir. 2005) (holding that *Booker* is not retroactive to a second or successive motion under 28 U.S.C. § 2005).  Because the rule that Ingram seeks to assert is barred by *Teague*, his motion under 28 U.S.C. § 2255 fails.

     **B.**    **Ingram's Claim Has No Merit**

Alternatively, even if *Booker* were retroactive to Ingram, the government argues that his claim fails on the merits.  The only factor that increased Ingram's sentence was drug quantity.  At sentencing, the Court found that Ingram was responsible for 680 kilograms of marijuana.  There was ample evidence introduced at trial to support a sentence based on this amount.  The Fifth Circuit reached the same result on direct appeal when it rejected Ingram's *Apprendi* claim, observing that there was "sufficient evidence to find Ingram responsible for

at least 680 kilograms of marijuana . . . ." *United States v. Ingram*, No. 01-21041, slip op. at 5 (5th Cir. April 21, 2004).

Because the drug quantity used to enhance Ingram's sentence was proven before the jury at trial, Ingram cannot establish error in connection with his punishment. *See United States v. Cotton*, 535 U.S. 625, 631-32 (2002) (holding that review is for plain error only); *United States v. Mares*, 402 F.3d 511, 522 (5th Cir. 2005) (holding that, in the absence of a showing by the defendant that his substantial rights were affected at sentencing, there was no plain error under *Booker*). For this alternative reason, the Court agrees that Ingram is not entitled to relief under 28 U.S.C. § 2255.

## IV.   CERTIFICATE OF APPEALABILITY

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

For all the reasons set forth above, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim, or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## V. CONCLUSION AND ORDER

Afer carefully considering the present motion, the records of the prior criminal proceeding, and the applicable law, the Court concludes that the defendant is not entitled to relief. Therefore, the Court **ORDERS** as follows:

1. The defendant's § 2255 motion (Criminal Docket No. 261) is **DENIED**.

2. The government's motion for summary judgment (Criminal Docket No. 265) is **GRANTED**.

3. A certificate of appealability is **DENIED**.

4. A separate final judgment will issue.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **July 29, 2005.**

_____
Nancy F. Atlas
United States District Judge